## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **CHAKA KHAN LEE,** | ) | |
| | ) | **CASE NO. _____** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **LOOMIS ARMORED US, LLC; EDWARD** | ) | |
| **EARL ROBINSON, JR.; and Fictitious** | ) | |
| **Defendants A, B, and C, whether singular or** | ) | |
| **plural, that person or entity which in any way** | ) | |
| **played a role in this matter to include,** | ) | |
| **whether in whole or in part, entrustment of** | ) | |
| **any vehicle, design of the roadways where** | ) | |
| **this matter occurred and/or any employer** | ) | |
| **for which any party may have been acting.** | ) | |
| **The true names of the Fictious Defendants** | ) | |
| **mentioned herein will be substituted by the** | ) | |
| **Plaintiff by amendment once ascertained.** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Loomis Armored US, LLC (referred to hereinafter as "Loomis") and Edward Earl Robinson (referred to hereinafter as "Robinson" or collectively "Defendants"), while fully reserving their right to object to service, jurisdiction, and venue, and without waiving any of

their other defenses or objections, remove to this Court the civil action styled, *Chaka Khan Lee v. Loomis Armored US, LLC, Et Al*, Case No. 03-CV-2022-901297.00, which was originally filed in the Circuit Court of Montgomery County, Alabama.

## BACKGROUND

1.      On October 18, 2022, Chaka Khan Lee (hereinafter referred to as "Lee" or "Plaintiff"), filed this civil action against Loomis and Robinson seeking damages arising out of a motor vehicle accident. (*See generally* State Court Documents, attached as Exhibit 1).

2.      The parties are completely diverse, the amount in controversy exceeds $75,000.00, and the forum defendant rule does not bar removal because Defendants remove this action before the Plaintiff has properly served Robinson, the forum defendant.

## TIMELINESS OF NOTICE OF REMOVAL

3.      Defendant Loomis was served with process by certified mail on February 6th, 2023. At the time of filing, Defendant Robinson has not been properly served.

4.      This Notice of Removal is filed in the United States District Court for the Middle District of Alabama, within the district and division embracing the place where the state court case was filed as required by 28 U.S.C. § 1441(b).

5.     This Notice of Removal is filed within the period of time required by 28 U.S.C. § 1446(b).

## DIVERSITY JURISDICTION

**A.     Complete Diversity Exists.**

4.     For purposes of diversity jurisdiction, the citizenship of the parties is determined as of the time the complaint is filed.  *Harris v. Garner*, 216 F.3d 970, 983 (11th Cir. 2000) (quoting and citing *Freeport-McMoRan, Inc. v. KN Energy, Inc.*, 498 U.S. 426, 428 (1991); *Wichita R.R. & Light Co. v. Public Utilities Comm'n of Kansas*, 260 U.S. 48, 54 (1922)).

5.     An individual, for diversity jurisdiction purposes, is a citizen of a State if he or she is a citizen of the United States and a domiciliary of that State.  *Jones v. Law Firm of Hill & Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001).  Domicile is determined by two factors: residence and intent to remain.  *Id.; Scoggins v. Pollock*, 727 F.2d 1025, 1026 (11th Cir. 1984).

6.     A corporation, for diversity jurisdiction purposes, is deemed to be a citizen of both its state of incorporation and the state where it maintains its principal place of business.  28 U.S.C. § 1332(c)(1).  A corporation's principal place of business is "the place where the corporation's officers direct, control, and coordinate the corporation's activities."  *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  *See also Annon Consulting, Inc. v. Bionitrogen Holdings Corp.*, 2016 U.S.

3

App. LEXIS 9695, at *3 (11th Cir., May 27, 2016).  In practice, this should normally be where the corporation maintains its headquarters.  *Id.*

7.     Plaintiff Lee is a United States citizen who resides in Montgomery County Alabama. (See Plaintiff's Complaint attached as Exhibit 1).

8.     Defendant Loomis is a company incorporated and operating under the laws of Texas. Defendant Loomis's principal place of business is located in Houston, Texas. Thus, Defendant Loomis is a citizen of the state of Texas and not a resident citizen of the State of Alabama.

9.     Defendant Robinson is an individual residing in Montgomery County, Alabama. Defendant Robinson is, therefore, a citizen of Alabama. However, Defendant Robinson has not been properly served. As discussed below, the forum defendant rule does not apply when the forum defendant has not been properly served at the time of removal.

10.    Accordingly, because there is not a Defendant properly served who is a citizen of the same state as any Plaintiff, complete diversity exists between the parties, and this Court has jurisdiction. 28 U.S.C. § 1332(a)(1).

**B.     The Amount In Controversy Is Satisfied**

11.    In order to be removable, there must be at least $75,000.00 in controversy, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a). The Eleventh Circuit recently provided a step-by-step analysis of the evaluation of the proof of the

amount in controversy to establish jurisdiction in Federal District Courts. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010). In *Pretka*, the Court first noted that the amount in controversy requirement of removal was "created by Congress to protect defendants." *Pretka*, at 766 (citation omitted). The Eleventh Circuit notes that in a case "where the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Pretka* at 752 (citations omitted). When a court is presented with evidence that speaks to the potential amount in controversy, it should consider that evidence in the logical context of the plaintiff's claims, and not in a procedural vacuum. Applying reasonable deductions, reasonable inferences, or other reasonable extrapolations to jurisdictional evidence "is not akin to conjecture, speculation or stargazing." *Pretka* at 754. In fact, Courts are free to consider a wide variety of evidence when addressing whether the amount in controversy satisfies the jurisdictional threshold:

> Beyond the complaint itself, other documentation can provide the basis for determining the amount in controversy – either interrogatories obtained in state court before removal was filed, or affidavits or other evidence submitted in federal court afterward. This roughly parallels a plaintiff's right, under Fed.R.Civ.P. 10(c), to make 'a copy of a written instrument that is an exhibit to a pleading... a part of the pleading for all purposes.' No court of appeals decision ... holds that a defendant may not submit its own evidence in order to satisfy the jurisdictional requirements of removal, and we conclude that the defendant can.

*Pretka* at 756.  Indeed, Courts are free to consider any "summary-judgment-type evidence." *Id.*

12.    Here, Plaintiff's Complaint alleges that, as a direct and proximate consequence of the conduct of Defendants, Plaintiff Lee was caused to suffer physical injuries and damages, including, but not limited to:

     a.    severe physical ailments;

     b.    bruises and contusions;

     c.    physical pain and suffering;

     d.    future pain and suffering;

     e.    mental anguish and emotional distress;

     f.    physical injury;

     g.    aggravation of preexisting injuries;

     h.    medical expenses;

     i.    may be required to undergo surgeries;

     j.    loss of income, loss of activity, loss of earning ability

     k.    rehabilitative expenses;

     l.    internal and/or permanent injury/scarring.

(Compl. at ¶ 9).

13.    Plaintiff alleges her injuries were caused due to the negligence or wrongful conduct of Defendants. (Compl. at ¶ 15). Plaintiffs also advance additional

claims of wantonness, negligence *per se*, respondeat superior, negligent/wanton hiring, training, and/or supervision, negligent/wanton entrustment, and combined/concurring negligence and wantonness. (Compl. at Counts One through Seven).

14.   Plaintiff's Complaint further seeks damages "including compensatory and punitive damages, plus interest and all costs of this proceeding," from the Defendants. (Compl. ad damnum clause following ¶ 49).

15.   The specific amount in controversy is not stated in the complaint. However, her Complaint seeks the recovery of punitive damages in addition to compensatory damages and claims the Plaintiff has sustained injuries and will continue to incur expenses from those injuries, both physical and mental.

16.   According to recent decisions in the Northern District of Alabama, Plaintiffs' Complaint, which asserts claims of negligence and wantonness and alleges physical, emotional and economic damages, on its face establishes the requisite amount in controversy. *See Bush v. Winn Dixie Montgomery, LLC*, 132 F.Supp.3d 1317, 1318-1322 (N.D. Ala., 2015) (granting plaintiff's motion to remand, holding that the defendant failed to timely remove within thirty (30) days of receipt of plaintiff's summons and complaint where the complaint contained a wantonness claim and alleged significant personal injuries, though it did not contain a quantified amount of damages being sought); *Green v. Wal-Mart Stores East, L.P.*,

2014 U.S. Dist. LEXIS 166805, *2 (N.D. Ala. Dec. 2, 2014) ("In her complaint, [plaintiff] alleges both that the defendant's negligence caused her to suffer mental anguish and that its wantonness entitled her to punitive damages. … Plaintiff conspicuously makes no formal or express disclaimer to damages in excess of $74,999.  Therefore, under up-to-date Eleventh Circuit jurisprudence it is apparent that the amount in controversy in this case exceeds the sum of $75,000."); *Smith v. State Farm & Casualty Co.*, 868 F. Supp. 2d 1333, 1334 (N.D. Ala. 2012) (holding that plaintiffs "who want to pursue claims against diverse parties in state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that the plaintiff will never accept more.  Otherwise, a plaintiff will find herself in a federal court…").

17.   In *Bush*, *supra,* the Court granted the plaintiff's motion to remand, holding that the defendant failed to timely file its removal notice within thirty (30) days of receipt of plaintiff's summons and complaint. *See Bush*, 132 F.Supp.3d at 1321-1322.  Despite the fact the Complaint contained no *ad damnum* clause and failed to specify the alleged body parts that were injured as a result of the complained of incident, the Court noted that "the Eleventh Circuit…has finally acknowledged the self-evident, namely, that a plaintiff like Bush, who claims to have sustained a very substantial personal injury at the hands of a defendant and who charges that

defendant with wantonness and who seeks to recover for pain, suffering, and mental anguish, and seeks punitive damages, is realistically hoping to recover more than $75,000." *Id*. at 1318. In *Bush*, Judge Acker further opined, "This new opening of the federal courts of Alabama to non-resident defendants has taken away the artificial and unfair obstacle to removal erected by Alabama plaintiffs, namely, the expedient of leaving out an ad damnum clause." *Id.* at 1318-1319. "This court has since 2010 reversed course and held that a plaintiff like Bush who wants to stay in her chosen forum must formally acknowledge a $74,999.99 limitation on any recovery." *Id*. at 1319 (citing *Smith*, 868 F.Supp.2d 1333 (N.D. Ala. 2012)).

18.    In the present case, Defendants deny liability to Plaintiff in any amount but do not dispute that the amount in controversy exceeds $75,000.

19.    Based upon the above-cited authorities, it is facially apparent from the Plaintiff's Complaint that the amount in controversy exceeds the jurisdictional requirement and removal is proper under 28 U.S.C. § 1332 and § 1446. *See Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058 (11th Cir. 2010).

20.    Further, based upon the nature of Plaintiff's alleged injuries, the damages claimed in Plaintiff's Complaint, and Alabama law governing punitive damages, the amount in controversy in this matter exceeds the $75,000 threshold

required for jurisdiction in this court. *See Tapscott v. MSDealers Service Corporation*, 77 F.3d 1353, 1356 (11th Cir. 1996).[1]

21.   Besides the amount in controversy being apparent from the face of Plaintiff's complaint, the Plaintiff's settlement demand letter also provides ample proof the amount in controversy requirement is met. The 11th Circuit has considered a settlement demand letter to not necessarily be determinative of the amount in controversy requirement but stated "it counts for something." *Burns v. Windsor Ins. Co,* 31 F.3d 1092, 1097 (11th Cir. 1994). "In determining what that 'something' is, courts draw distinctions between settlement offers steeped in puffery and posturing…and those holding particularized information and a reasonable assessment of value…" *Montreuil as Next Friend of Z.M. v. Costco Wholesale Corp.*, No. 2:18-CV-706-MHT, 2020 U.S. Dist. LEXIS 43828 at *2 (M.D. Ala. Mar. 13, 2020).  A settlement demand adds monetary weight to the amount in controversy when "it provides enough specific information to support the plaintiff's claim for damages to indicate that the offer is a reasonable assessment of the value of the plaintiff's claim." *Simpson v. Primerica Life Ins., Co.*, No. 2:15-CV-777, 2015 U.S. Dist. LEXIS 171457 at *23 (M.D. Ala. Dec. 3, 2015).

---

[1] The Defendants do not admit that they are liable to the Plaintiffs or that the Plaintiffs' damages exceed $75,000.00, exclusive of interest and costs. Rather, the preponderance of the evidence shows that the amount in controversy more likely than not exceeds the jurisdictional amount.

22.    In determining whether a settlement demand was mere "puffery" as opposed to a reasonable estimate of a plaintiff's claims, Middle District of Alabama Courts have generally considered settlement demands providing a particularized breakdown of damages with accompanying records as sufficient to meet the amount in controversy requirement. See *Hall v. State Farm Mut. Auto Ins, Co.*, No. 3:20-cv-404-RAH-WC 2020 U.S. Dist. LEXIS 147437 * (M.D. Ala. August 17, 2020); See Also *Reeves v. Waffle House, Inc.*, No. 1:22-cv-00356-RAH, 2022 U.S. Dist. LEXIS 171432 * (M.D. Ala September 22, 2022)(denying plaintiff's motion to remand because plaintiff's settlement demand was three pages long and contained detailed and particularized information including the plaintiff's medical providers, bills, and rehabilitation therapy); *Gallion v. Zoe's Rests., LLC*, 524 F. Supp. 3d 1236 (M.D. Ala. March 5, 2021)(holding a settlement demand letter outlining the plaintiff's income and alleged injuries was sufficient to prove the matter met the amount in controversy requirement.)

23.    In *Hall*, on facts similar to this case, a Middle District Court determined that a settlement demand letter was sufficient to prove the amount in controversy requirement. See *Hall v. State Farm Mut. Auto Ins, Co.*, No. 3:20-cv-404-RAH-WC 2020 U.S. Dist. LEXIS 147437 * (M.D. Ala. August 17, 2020). There, the plaintiff provided the defendant a settlement demand that was eleven pages long with detailed and particularized information concerning the defendant's fault and information

11

relating to the plaintiff's injuries, medical providers, medical visits, physical therapy, limitations on her daily activities, and an itemized breakdown of plaintiff's medical bills. *Id.* at *3. The plaintiff's medical bills totaled $81, 353 and her demand was $600,000.   *Id.* The court denied the plaintiff's motion to remand stating the settlement demand letter tipped "the preponderance-of-the-evidence scales in [defendant's] favor." *Id* at *4. Specifically, the court noted the particularity of the settlement demand letter demonstrated it was not a boilerplate demand or mere puffery. *Id.*

24.   In this case, like *Hall*, the Plaintiff's written settlement demand for $300,000 reliably demonstrates the Plaintiff's damages exceed the amount in controversy requirement. (See Settlement Demand attached as Exhibit 2). The demand letter lists with particularity the Plaintiff's medical providers and medical bills. Specifically, it states that Plaintiff suffered $49,209.70 in medical damages. The demand also mentions that Plaintiff was caused a "great deal of unnecessary pain, suffering, and inconvenience." The letter also provides Plaintiff was caused to miss work due to the accident at issue and that she was only able to return to work on light duty. The damages information offered in Plaintiff's demand is of sufficient particularity to ascertain the amount in controversy requirement is met.

25.   Further, Plaintiff's demand of $300,000 cannot reasonably be considered puffery. The Plaintiff's demand is only six times the cost of the Plaintiff's

medicals. The rule of thumb for determining the reasonable value of a personal injury claim is that most claims are worth three to five times the plaintiff's medical specials. While Plaintiff's demand is slightly above that range it is not unreasonable to assume Plaintiff's claim is potentially worth $300,000 vs. the rule of thumb's high end of $250,000. Therefore, Plaintiff's demand of $300,000 is not so high as to be unreasonable or merely a negotiating tactic.

**C.      The Forum Defendant Rule Does Not Apply.**

26.      It is expected that Plaintiff may object to this removal under the "forum defendant rule." However, the forum defendant rule in § 1441(b) only precludes removal if a forum defendant is properly joined and served at the time of removal. *See Pathmanathan v. Jackson Nat. Life Ins. Co.,* 2015 U.S. Dist. LEXIS 99409, 2015 WL 4605757, *2-5 (M.D. Ala. 2015).

27. Plaintiff has not served Defendant Robinson, the potential forum defendant, as of the time of this Notice of Removal. (*See* Case Action Summary, attached in Exhibit 1).

28.      Rule 4 of the Alabama Rules of Civil Procedure requires that when an attorney or party initiates service by certified mail, it must complete both of the following:

> The return receipt shall be addressed to the clerk of the court issuing the process and shall identify the case number of the case in which the pleading has been filed. Upon mailing, the attorney

> or party shall immediately file with the court an "Affidavit of
> Certified Mailing of Process and Complaint."

Ala. R. Civ. P. 4(i)(2)(B)(ii). Here, Plaintiff has not filed an "Affidavit of Certified Mailing of Process and Complaint." (*See* Exhibit 1) indicating that Robinson was served. Consequently, it appears undisputed that Plaintiff has not properly served Robinson at the time of the filing of this Notice of Removal. Ala. R. Civ. P. 4(i)(2)(B)(ii).

29.    Because Robinson has not been served, the forum defendant rule does not preclude removal.

30.    The Eleventh Circuit has held that "[b]y its terms, the forum-defendant rule applies only if a forum defendant has been 'properly joined and served.'" *Goodwin v. Reynolds*, 757 F.3d 1216, 1220–21 (11th Cir. 2014) (quoting 28 U.S.C. § 1441(b)(2)(2006)). The forum defendant rule, which is stated in the "removal jurisdiction" statute, reads as follows:

> A civil action otherwise removable solely on the basis of the
> jurisdiction under section 1332(a) of this title may not be
> removed if any of the parties in interest *properly joined and*
> *<u>served</u>* as defendants is a citizen of the State in which such action
> is brought.

28 U.S.C. §1441(b)(2) (emphasis added).

31.    Almost all district courts within this Circuit follow the majority approach and allow pre-service removal before a plaintiff serves a forum state defendant.  See *Seong Ho Hwang v. Gladden*, No. 3:16-cv-502-SRW, 2016 U.S.

Dist. LEXIS 177479, at *20–21 (M.D. Ala. Dec. 21, 2016) ("The undersigned agrees with the *Pathmanathan v. Jackson Nat. Life Ins. Co.,* 2015 U.S. Dist. LEXIS 99409, 2015 WL 4605757, *2-5 (M.D. Ala. 2015)] court, and the majority of the courts within the Eleventh Circuit, and concludes that the plain language of the forum defendant rule does not prohibit a non-forum defendant from removing a case to federal court, even when there is an unserved forum defendant."). *See, e.g., Papa Air LLC v. Cal-Mid Props. L.P.*, No. 2:19-CV-1713-RDP, 2020 U.S. Dist. LEXIS 98687, at *14-15 (N.D. Ala. June 5, 2020) ("The result here, like the language of section 1441(b)(2), is quite clear. That statutory provision is not applicable until a home-state defendant has been served in accordance with state law. Prior to that, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume subject matter jurisdiction over the action.").

32.     Beyond the fact that the majority of courts in this Circuit have held that § 1442(b)(2)'s plain language allows pre-service removal, the Second, Third, and Fifth Circuit Courts of Appeal are the only Circuit Courts to resolve their internal circuit splits, and they have all issued opinions adopting the majority rule.[2] *See Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147 (3d Cir. 2018);

---

[2] The Sixth Circuit has also interpreted § 1441(b)(2) to allow pre-service removal in a footnote. *See McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001) ("Where there is complete diversity of citizenship, as LSERS concedes there was, the inclusion of an *unserved* resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b).") (Italic emphasis in the original).

*Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699 (2d Cir. 2019); *Tex. Brine Co., L.L.C. v. Am. Arbitration Ass'n*, 955 F.3d 482, 487 (5th Cir. 2020). This Court should follow this District's majority rule in adopting the Second, Third, and Fifth Circuits' plain language approach.

33.     In *Encompass*, the Third Circuit held that the forum defendant rule allows removal before a plaintiff perfects service upon a forum defendant. 902 F.3d 147. In that case, Encompass, an Illinois citizen, sued a single defendant, Stone Mansion, a Pennsylvania citizen, in Pennsylvania state court. *Id.* at 149. Although counsel for Stone Mansion agreed to accept service, Stone Mansion removed "prior to formal acceptance." *Id.* at 150. The Third Circuit permitted the removal based on § 1441(b)(2)'s plain language. *Id.* at 152–53. The Third Circuit "conclude[d] that the language of the forum defendant rule in section 1441(b)(2) is unambiguous. Its plain meaning precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served." *Id.* at 152. The court noted that the words "joined and served" permitted removal prior to service because:

> (1) it abides by the plain meaning of the text; (2) it envisions a broader right of removal only in the narrow circumstances where a defendant is aware of an action prior to service of process with sufficient time to initiate removal; and (3) it protects the statute's goal without rendering any of the language unnecessary.

*Id.* at 153.

16

34.     Moreover, the Third Circuit noted that permitting removal despite counsel's agreement to accept service "may be peculiar in that it allows [defendants] to use pre-service machinations to remove a case that it otherwise could not . . . the outcome is not so outlandish as to constitute an absurd or bizarre result." *Id.* at 153–54. The court reasoned that it could not impose a requirement that Congress did not. *Id.* at 154 ("[r]easonable minds might conclude that the procedural result demonstrates a need for a change in the law; however, if such change is required, it is Congress—not the Judiciary—that must act."). Consequently, in the Third Circuit, a defendant may remove before a plaintiff properly serves a forum state defendant.

35.     In *Gibbons*, the Second Circuit held that the forum defendant rule did not preclude the only two defendants, who were both forum state defendants, from removing to federal court prior to service. 919 F.3d at 707 ("We therefore have no reason to depart from the statute's express language and must affirm the district court's denial of Plaintiffs' motions to remand."). In reaching its holding, the *Gibbons* court adopted the Third Circuit's plain language interpretation of the statute and reasoned that, "[b]y its text, then, Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action." *Id.* at 705. The Second Circuit rejected further gamesmanship arguments against pre-service removal as follows:

> Allowing a defendant that has not been served to remove a lawsuit to federal court "does not contravene" Congress's intent to combat fraudulent joinder. In fact, Congress may well have adopted the "properly joined and served" requirement in an attempt to both limit gamesmanship and provide a bright-line rule keyed on service, which is clearly more easily administered than a fact-specific inquiry into a plaintiff's intent or opportunity to actually serve a home-state defendant.

*Id* at 706–07 (citations omitted).

36.     The *Gibbons* court concluded that "[p]ut simply, the result here—that a home-state defendant may in limited circumstances remove actions filed in state court on the basis of diversity of citizenship—is authorized by the text of Section 1441(b)(2) and is neither absurd nor fundamentally unfair. We, therefore, have no reason to depart from the statute's express language and must affirm the district court's denial of Plaintiffs' motions to remand." *Id.* at 707. Consequently, in the Second Circuit, a defendant may remove before a plaintiff properly serves a forum state defendant.

37.     In *Tex. Brine Co., LLC*, the Fifth Circuit aligned with the Second and Third Circuits in following the majority rule and concluded that pre-service removal of a case is plainly allowed by § 1441. In doing so, the Fifth Circuit reasoned that "[e]ven if we believed that there was a 'drafter's failure to appreciate the effect of certain provisions,' such a flaw by itself does not constitute an absurdity." *Tex. Brine Co., L.L.C. v. Am. Arbitration Ass'n*, 955 F.3d 482, 486 (5th Cir. 2020). Thus, like

the other Circuits, in the Fifth Circuit, a defendant may remove before a plaintiff properly serves a forum defendant.[3]

## SUPPLEMENTAL JURISDICTION

38.    To the extent this Court does not have original jurisdiction over any claim, it has supplemental jurisdiction over that claim because it is part of the same case or controversy or is based on a "common nucleus of operative fact."

## VENUE

39.    Under 28 U.S.C. § 1441(a), this action may be removed to the district court and division embracing the place where the state court action is pending. Venue for this removal is, therefore, proper in the United States District Court for the Middle District of Alabama, Northern Division, as this is the district embracing Montgomery County, Alabama—the location of the pending state court action.

## PROCEDURAL COMPLIANCE

40.    All defendants join in this Removal, thus 28 U.S.C. § 1446(b)(2)(A) is satisfied.

---

[3] As Judge Proctor recognized in *Papa Air, LLC*, there is an unpublished opinion from the Eleventh Circuit that has dealt with this issue. *Papa Air LLC v. Cal-Mid Props. L.P.*, No. 2:19-CV-1713-RDP, 2020 U.S. Dist. LEXIS 98687, at *9 (N.D. Ala. June 5, 2020) (referencing *Shanyfelt v. Wachovia Mortg. FSB*, 439 F. App'x 793, 794 (11th Cir. 2011)). In *Shanyfelt,* the Eleventh Circuit held that "because Plaintiff failed to serve the resident Defendant prior to removal, '[t]he district court was entitled to entertain [Plaintiff's] complaint without regard to the citizenship of the [resident Defendant]." *Id.*

41.     Pursuant to 28 U.S.C. § 1446(a), a copy of all pleadings and orders in the state court record, including "all process, pleadings and orders served upon" the defendants through this date, are attached hereto as Exhibit 1.

42.     Pursuant to 28 U.S.C. § 1446(d), upon filing this Notice of Removal, Defendants will send written notice and a copy of the Notice of Removal to the Plaintiff and will file a copy of the Notice of Removal with the Circuit Clerk for Montgomery County, Alabama.

WHEREFORE, Defendants Loomis and Robinson pray the filing of this Notice of Removal, the filing of written notice to Plaintiffs, and the filing of a copy of this Notice of Removal with the Clerk of the Circuit Court of Montgomery County, Alabama, shall justify the removal of said suit to this Honorable Court.

Respectfully submitted this 16th day of February 2023.

*/s/ Brett A. Ross*
Brett A. Ross                   asb-6771-o76b

*/s/ Mark M. Ogren*
Mark M. Ogren               asb-2080-s12s
*Attorneys for Loomis Armored US, LLC and Edward Earl Robinson, Jr.*

**OF COUNSEL:**
**CARR, ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:   (205) 822-2006
Facsimile:    (205) 822-2057
bross@carrallison.com
mogren@carrallison.com


## CERTIFICATE OF SERVICE

I hereby certify that on this, the 21st day of February 2023, I have served a copy of the foregoing on the following attorneys of record via CM/ECF and/or by placing a copy of same in the U.S. Mail:

Alex J. Alred
**HAWTHORNE, ATCHISON, RIDDLE**
400 South Union Street, Suite 395
Montgomery, Alabama 36104
(334) 676-3696 *telephone*
(334) 676-3697 *facsimile*
alex@HARlegal.com


*/s/ Brett A. Ross*
OF COUNSEL