IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHAKA KHAN LEE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 2:23-cv-100-CWB |
| | ) |
| LOOMIS ARMORED US, LLC, et al., | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This case is in federal court after having been removed from the Circuit Court of Montgomery County, Alabama. (Doc. 1; *see also* Doc. 18). Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, all parties have consented to the exercise of full civil jurisdiction by the undersigned Magistrate Judge. (Docs. 9 through 11). Now pending is an Objection to Notice of Removal, Motion to Remand, and Motion for Fees and Costs (Doc. 12; Doc. 21) filed by Plaintiff. For the reasons set out below, the court concludes that the motion is due to be granted as to the request for remand but denied as to the request for fees and costs.

**I.      Background**

Plaintiff's claims arise out of a January 26, 2021 motor vehicle accident occurring in Montgomery County, Alabama. (Doc. 1-2 at p. 6, ¶ 6). According to Plaintiff, his vehicle was struck from the rear by a vehicle that was owned by Defendant Loomis and operated by Defendant Robinson. (*Id*. at ¶ 7). Plaintiff further alleges that Defendant Robinson was acting within the line and scope of his employment with Defendant Loomis at the time of the collision. (*Id*. at ¶ 8). The collision is alleged to have caused plaintiff to suffer various personal injuries and other damages. (*Id*. at ¶ 9).

Plaintiff has asserted claims against Defendant Robinson for negligence (*Id*. at pp. 6-7, ¶¶ 10-15), wantonness (*Id*. at pp. 7-8, ¶¶ 16-21), and negligence *per se* (*Id*. at pp. 8-9, ¶¶ 23-26). Plaintiff's theories against Defendant Loomis are based upon *respondeat superior* (*Id*. at pp. 9-10, ¶¶ 27-31), negligent/wanton hiring, training and/or supervision (*Id*. at pp. 10-11, ¶¶ 32-38), and negligent/wanton entrustment (*Id*. at pp. 11-12, ¶¶ 39-45). Plaintiff additionally asserts that the collision was the result of the combined and concurring negligence/wantonness of both Defendant Robinson and Defendant Loomis. (*Id*. at pp. 12-13, ¶¶ 46-49). For relief, Plaintiff seeks an unspecified amount of compensatory and punitive damages. (*Id*. at p. 6, ¶ 9).

The underlying Complaint was filed on October 18, 2022. (*Id*. at p. 4). However, service of process was withheld while the parties engaged in settlement discussions. (Doc. 12 at p. 3). After those discussions proved unfruitful, Defendant Loomis was served with process on February 6, 2023. (Doc. 1-2 at p. 2; Doc. 1-3 at p. 52). Defendant Loomis thereafter removed the case to this court on February 21, 2023 prior to the service of process upon Defendant Robinson—although Defendant Robinson did join in the removal. (Doc. 1). Plaintiff in turn moved to remand the case to state court based on a lack of complete diversity in citizenship, *i.e.*, both Plaintiff and Defendant Robinson are resident citizens of the State of Alabama. (Doc. 12). Plaintiff also requested an award of attorney's fees and costs for the allegedly improper removal. (*Id*. at pp. 10-11; *see also* Doc. 21). Defendant Robinson and Defendant Loomis responded by asserting that the "forum defendant rule" of 28 U.S.C. 1441(b) does not bar removal because Defendant Robinson had not been served with process at the time the case was removed by Defendant Loomis. (Doc. 1 at pp. 13-19, ¶¶ 26-37; Doc. 14 at pp. 4-7, ¶¶ 11-16; Doc. 18 at pp. 13-19, ¶¶ 26-37). And Defendant Robinson and Defendant Loomis denied that an award of attorney's fees and costs would be appropriate. (*Id*. at p. 9, ¶¶ 19-20).

## II.     Removal Jurisdiction

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375, 377 (1994) (citations omitted); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000) ("[L]ower federal courts are empowered to hear only cases for which there has been a congressional grant of jurisdiction … ."). Due to the inherent limitation on authority, it is incumbent upon a federal court to assure itself "at the earliest possible stage in the proceedings" that it possesses jurisdiction. *Univ. of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

With respect to actions filed initially in state court, removal to federal court is authorized in circumstances where a district court would have had "original jurisdiction" over the action. 28 U.S.C. § 1441 ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."); *see also Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). It falls upon the removing party to establish that such jurisdiction exists. *See, e.g.*, *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) ("[T]he burden of establishing removal jurisdiction rests with the defendant seeking removal."); *City of Vestavia Hills v. Gen. Fidelity Ins. Co.*, 676 F.3d 1310, 1313 n.1 (11th Cir. 2012) ("The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction.").

Because removal infringes upon state sovereignty and implicates central concepts of federalism, any doubts over jurisdiction should be resolved in favor of remanding to state court. *See Burns v. Windsor Ins. C*o., 31 F.3d 1092, 1095 (11th Cir. 1994) ("[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."). Stated differently, a plaintiff's right to choose the forum and a defendant's corresponding right to remove "are not on equal footing." *Id*.

### III.  Discussion

The Notice of Removal (Doc. 1) makes no assertion that removal was predicated upon federal question jurisdiction under 28 U.S.C. § 1331.  Nor has the court's independent review of the record uncovered any issue that could be construed as "arising under the Constitution, laws, or treaties of the United States."  *See* 28 U.S.C. § 1331.  The court thus concludes that jurisdiction rises or falls on application of 28 U.S.C. § 1332(a), which as pertinent here provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States."  Unless those requirements are satisfied, subject matter jurisdiction is absent over this removed case.  *See* 28 U.S.C. § 1441(a).

At the outset, the court observes that this case does not appear to be between "citizens of different States" as required by 28 U.S.C. § 1332(a).  The Complaint identified Plaintiff as "a resident citizen of Montgomery County, Alabama" and likewise identified Defendant Robinson as "a resident citizen of Montgomery County, Alabama." (Doc. 1-2 at pp. 4-5, ¶¶ 1 & 3; *see also* Docs. 19 & 20).  It was confirmed in the Notice of Removal that Defendant Robinson "is … a citizen of Alabama" (Doc. 1 at p. 4, ¶ 9; *see also* Doc. 18 at p. 4, ¶ 9).  Without a complete diversity of citizenship, this court undoubtedly lacks subject matter

4

jurisdiction. *See, e.g., Hood v. Veazey*, No. 2:20-cv-712-ECM, 2021 WL 3713048, *1 (M.D. Ala. Aug. 20, 2021) ("Jurisdiction under § 1332 requires complete diversity: every plaintiff must be diverse from every defendant. … Plaintiffs' complaint alleges that one plaintiff and the defendants are citizens of the State of Alabama; therefore, there is not complete diversity and thus, no basis for diversity jurisdiction under 28 U.S.C. § 1332.") (citing *Legg v. Wyeth*, 428 F.3d 1317, 1320 n.2 (11th Cir. 2005)).

Defendant Robinson and Defendant Loomis attempt to skirt the issue by focusing on the "forum defendant rule" of 28 U.S.C. § 1441(b)(2):

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

(Doc. 1 at p. 13, ¶ 26: "[T]he forum defendant rule in § 1441(b) only precludes removal if a forum defendant is properly joined and served at the time of removal."). Because the record is clear that Defendant Robinson was not served at the time this case was removed to federal court, it is asserted that his citizenship does not factor into the jurisdictional calculus. (*Id*. at p. 4, ¶ 10: "Accordingly, because there is not a Defendant properly served who is a citizen of the same state as any Plaintiff, complete diversity exists between the parties, and this Court has jurisdiction.").

But Defendant Robinson and Defendant Loomis are incorrect in their position. The plain language of § 1441(b)(2) reflects that the "forum defendant rule" is completely divorced from the fundamental issue of whether subject matter jurisdiction exists in federal court—limiting its application to "[a] civil action <u>otherwise removable solely on the basis of the jurisdiction under section 1332(a)</u>." (Emphasis added). Simply put, because the lack of diversity between Plaintiff and Defendant Robinson precludes this case from being "otherwise removable," the presence of a forum defendant would be irrelevant.

5

The Notice of Removal cites *Seong Ho Hwang v. Gladd*, No. 3:16-cv-502-SRW, 2016 WL 9334726 (M.D. Ala. Dec. 21, 2016), which in turn relied upon *Pathmanathan v. Jackson Nat'l Life Ins. Co.*, 3:15-cv-347-WHA, 2015 WL 4605757 (M.D. Ala. July 30, 2015), as permitting removal where a forum defendant is not served prior to the time of the removal. (Doc. 1 at pp. 14-15, ¶¶ 31; Doc. 18 at pp. 15-16, ¶¶ 31). Those decisions did uphold the propriety of removal where the forum defendant had not been "properly joined and served," but the scenario was distinct from the one now before the court. In both instances, there was no dispute that complete diversity of citizenship existed between <u>all plaintiffs</u> and <u>all defendants</u>, whether or not the forum defendant had been served. *See Gladd*, 2016 WL 9334726 at *2 ("[P]laintiffs concede that there is a complete diversity of citizenship and the amount in controversy is satisfied … ."); *Pathmanathan*, 2015 WL 4605757 at *2 ("The Plaintiff and Lonnie Correll do not dispute that complete diversity of citizenship exists in this case."). The more applicable authority is *Kille v. Fastenal Co., Inc.*, No. 2:16-cv-1002-GMB, WL 1875480 (M.D. Ala. Apr. 19, 2018), wherein the court flatly rejected the argument that citizenship of an unserved forum defendant could be disregarded for jurisdictional purposes:

> Fastenal argues that the court should not consider Capes' citizenship when assessing the propriety of removal because he was unserved at the time the case was removed (and, though irrelevant, at the time the amended notices of removal were filed). If the court were to disregard Capes' citizenship simply because he was unserved at the time of removal, then subject-matter jurisdiction would be present. However, the law does not grant the court this luxury. Indeed, as a district court in the Southern District of Alabama artfully explained, "it is beyond cavil that '[w]henever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service.'" *Am. Res. Ins. Co. v. Evoleno Co., LLC*, 2007 WL 582116, at *3 (S.D. Ala. Feb. 21, 2007) (quoting *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998) ); *see also Pecherski v. Gen. Motors Corp.*, 636 F.2d 1156, 1160 (8th Cir. 1981) (holding that "the mere failure to serve a defendant who would defeat diversity jurisdiction does not permit a court to ignore that defendant in determining the propriety of removal"); *Beritiech v. Metro. Life Ins. Co.*, 881 F. Supp. 557, 560 (S.D. Ala. 1995) (noting that "a court,

6

in determining the propriety of removal based on diversity of citizenship, must consider all named defendants, regardless of service"). In short, the court must consider Capes' citizenship when assessing diversity jurisdiction, regardless of whether he had been served at the time of removal. <u>Since Capes is and was at all relevant times an Alabama citizen, complete diversity and, thus, original jurisdiction did not exist at the time of removal</u>.

*Id*. (emphasis added). Nor did original jurisdiction exist at the time the Notice of Removal was filed by Defendant Robinson and Defendant Loomis.[1]

That an unserved defendant's citizenship must be considered in an analysis of diversity jurisdiction is well settled. *See Morgan v. Cook*, 180 F.Supp. 2d 1301, 1304 (M.D. Ala. 2001) (rejecting argument that citizenship of unserved defendant should be disregarded: "As such, American Heritage asks the court to find that Cook's estate, a citizen of Alabama, should not be considered in the present diversity analysis. Its arguments are unavailing."); *Wright & Miller*, 14C Fed. Prac. & Proc. Juris. § 3723 (Rev. 4th 2020) ("A party whose presence in the action would destroy diversity must be dropped formally, as a matter of record, to permit removal, however. <u>It is insufficient, for example, that service of process simply has not been made</u>

---

[1] The court notes that other authorities cited in the Notice of Removal (Doc. 1 at pp. 14-19, ¶¶ 30-37) support the same conclusion. *See Goodwin v. Reynolds*, 757 F.3d 1216, 1218 (noting that "the parties were of completely diverse citizenship"); *Papa Air LLC v. Cal-Mid Props. L.P.*, No. 2:19-cv-1713-RDP, 2020 WL 3037068, *2 (N.D. Ala. June 5, 2020) (concluding as a threshold issue that complete diversity existed before examining "forum defendant rule"); *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001), *amended on denial of reh'g*, 250 F.3d 997 (6th Cir. 2001) ("<u>Where there is complete diversity of citizenship</u> ... the inclusion of an *unserved* resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)(2).") (underlining added for emphasis); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 149 (3d Cir. 2018) (observing that the plaintiff and the unserved defendant were diverse); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019) ("By its text, then, Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) <u>so long as a federal district court can assume jurisdiction over the action</u>.") (emphasis added); *Tex Brine Co., L.L.C. v. Am. Arbitration Ass'n*, 955 F3d 482, 487 (5th Cir. 2020) ("The plaintiff is a Texas limited liability company. The defendants are a New York corporation (the AAA) and two individual citizens of Louisiana (DiLeo and Minyard). Thus, there is no jurisdictional defect under 28 U.S.C. § 1332(a).").

7

on a non-diverse party; the case may not be removed until that party actually has been dismissed from the case.") (emphasis added); *New York Life Inc. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998) ("A non-resident defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant."). Consideration of Defendant Robinson's admitted Alabama citizenship vis-à-vis Plaintiff's undisputed Alabama citizenship conclusively precludes the existence of diversity jurisdiction in this instance.[2]

## IV.  Conclusion

For the reasons stated above, the court concludes that Defendant Robinson and Defendant Loomis have not met their burden of establishing diversity jurisdiction and that this case must be remanded to the Circuit Court of Montgomery County, Alabama. The pending motion (Doc. 12; Doc. 21) therefore is **GRANTED** to the extent it seeks a remand; however, the motion (Doc. 12; Doc. 21) is **DENIED** to the extent is seeks an award of costs, expenses, and attorney's fees. The clerk of court is hereby **DIRECTED** to take the necessary steps to effectuate the remand.

**DONE** this the 7th day of July 2023.

/s/ Chad W. Bryan
_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Given its finding that a complete diversity of citizenship is lacking, the court makes no determination as to whether the requisite amount in controversy is satisfied. The court likewise makes no determination as to whether a "snap removal" would be permissible if complete diversity of citizenship otherwise existed.